**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1749
_____

TROY REESE, Appellant

v.

WARDEN PHILADELPHIA FDC
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-18-cv-00902)
District Judge:  Honorable R. Barclay Surrick
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. §
1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6

Before: CHAGARES, GREENAWAY, JR., and FUENTES,
Circuit Judges

(Opinion filed: September 21, 2018)

_____

OPINION

_____

FUENTES. *Circuit Judge.*

Pro se appellant Troy Reese appeals the District Court's order dismissing his petition under 28 U.S.C. § 2241. Reese, who is awaiting criminal trial in federal court, raised claims challenging the evidence supporting the charges against him, the conduct of the law-enforcement officers who arrested and interrogated him, and the District Court's refusal to release him pending trial. As we have previously stated, a detainee's challenge to the conduct of law enforcement officers in connection with his arrest or the validity of the charges against him must be addressed in an appropriate pretrial motion. See Government of Virgin Islands v. Bolones, 427 F.2d 1135, 1136 (3d Cir. 1970) (per curiam). We write to address a novel question in our Court: may a federal detainee challenge his pretrial detention via a § 2241 habeas petition? We join the two other Circuits to have addressed this issue and conclude that a federal detainee's request for release pending trial can only be considered under the Bail Reform Act and not under a § 2241 petition for habeas relief. See Fassler v. United States, 858 F.2d 1016, 1017-19 (5th Cir. 1988) (per curiam); United States v. Pipito, 861 F.2d 1006, 1009 (7th Cir. 1987).

The events leading to this appeal began in December 2017, when Reese was charged in the Eastern District of Pennsylvania with one count of using a facility and means of

interstate or foreign commerce to attempt to induce, entice, or coerce a minor into engaging in sexual activity in violation of 18 U.S.C. § 2422(b). See E.D. Pa. Cr. A. No. 17-cr-0631. Reese was arrested, and the Government filed a motion for pretrial detention. The Government argued that there was probable cause to believe that Reese had committed the charged offense, which created a rebuttable presumption in favor of detention, see 18 U.S.C. § 3142(e)(3)(E), and that other factors, including Reese's criminal record and the length of the sentence he faced, further militated in favor of detention. A Magistrate Judge granted the Government's motion.

In February 2018, Reese filed the § 2241 petition at issue in this appeal. In this petition, he claimed that the criminal charge was baseless, that the police had violated his constitutional rights in the course of arresting and interrogating him, and that he was entitled to be released pending trial. This filing was docketed separately from the criminal action, see E.D. Pa. Civ. A. No. 18-cv-00902, but assigned to the same District Judge.

In March 2018, Reese, through counsel, filed a motion for pretrial release in the criminal case. The District Court held a hearing and denied the motion, concluding that the evidence against Reese was "overwhelming," that Reese had numerous prior criminal convictions, that Reese had previously violated conditions of bail, and that Reese lacked ties to the community. Reese appealed that order. That appeal is pending at C.A. No. 18-1748.[1]

---

[1] Counsel was appointed for Reese in that appeal, and the appeal has been stayed pending a final competency

After denying Reese's request for release in the criminal action, the District Court dismissed the § 2241 petition, and Reese instituted the appeal now before the Court.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's legal conclusions. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Because Reese is a federal prisoner appealing the dismissal of a § 2241 petition, he need not obtain a certificate of appealability to proceed. See United States v. Cepero, 224 F.3d 256, 264–65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 565 U.S. 134 (2012).

Section 2241 confers on district courts the authority to entertain applications for a writ of habeas corpus filed by prisoners claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c)(3). Nevertheless, "a habeas court is 'not bound in every case' to issue the writ." Munaf v. Geren, 553 U.S. 674, 693 (2008) (quoting Ex parte Royall, 117 U.S. 241, 251 (1886)). Thus, even in cases where the habeas court has the authority to grant relief, it must consider "whether this be a case in which that power ought to be exercised." Id. (alteration omitted) (quoting Ex parte Watkins, 28 U.S. (3 Pet.) 193, 201 (1830)); see also Timms v. Johns, 627 F.3d 525, 530–31 (4th Cir. 2010) (discussing prudential concerns that may counsel against using habeas power).

---

determination in the District Court. We express no opinion as to the merits of that appeal.

4

Courts have consistently refused to exercise their habeas authority in cases where federal prisoners have sought relief before standing trial. Instead, Courts have long stressed that defendants should pursue the remedies available within the criminal action. See, e.g., Jones v. Perkins, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); Riggins v. United States, 199 U.S. 547, 551 (1905) (vacating order granting habeas relief to federal pretrial detainees because there was "nothing in this record to disclose that there were any special circumstances which justified a departure from the regular course of judicial procedure" of pretrial motions and, if necessary, appeal); see also Medina v. Choate, 875 F.3d 1025, 1029 (10th Cir. 2017) (adopting "the general rule that § 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial").[2]

---

[2] The Supreme Court has suggested that pretrial habeas relief might be available to a federal defendant in "exceptional circumstances." See Jones, 245 U.S. at 391; Johnson v. Hoy, 227 U.S. 245, 247 (1913); see also Martin-Trigona v. Shiff, 702 F.2d 380, 388 (2d Cir. 1983). Neither the Supreme Court nor this Court has delineated the circumstances that might qualify as "exceptional" in this context. See generally Medina, 875 F.3d at 1029 ("If a federal prisoner is ever entitled to relief under § 2241 based on something that happened before trial, the circumstances are so rare that they have apparently not yet arisen."). We have ruled that a state prisoner may pursue a pretrial § 2241 petition without exhausting state remedies in "extraordinary circumstances," which might exist when there is a showing of "delay,

Funneling requests for pretrial relief through the criminal action encourages an orderly, efficient resolution of the issues, maintains respect for the appellate process, and prevents duplication of judicial work and judge-shopping. See United States v. Addonizio, 442 U.S. 178, 184 n.10 (1979) (explaining that "the writ of habeas corpus should not do service for an appeal," and that "[t]his rule must be strictly observed if orderly appellate procedure is to be maintained" (quoting Adams v. United States ex rel. McCann, 317 U.S. 269, 274 (1942)); see also Medina, 875 F.3d at 1028–29 (identifying similar interests).

We relied on this rationale in Government of Virgin Islands v. Bolones, 427 F.2d 1135 (3d Cir. 1970) (per curiam), to affirm the District Court's denial of pretrial habeas petitions filed by federal defendants. We rejected the defendants' challenges to their arrest and interrogation on the ground that a pretrial motion in the criminal case, "rather than their petition for writs of habeas corpus, provides the appropriate avenue of relief before trial." Id. at 1136. We similarly held that the defendants' claim that they had been denied a speedy trial should be resolved "on an appropriate pretrial motion." Id. Accordingly, insofar as Reese sought to challenge the charges against him or the conduct of law-

harassment, bad faith or other intentional activity" on the part of the state. Moore v. DeYoung, 515 F.2d 437, 447 n.12 (3d Cir. 1975). We need not delimit the precise bounds of any exception here because Reese's claims—run-of-the-mill challenges to his indictment, arrest, interrogation, and denial of pretrial release—are not "exceptional" under any plausible definition of that term.

enforcement officers during arrest or interrogation, he was required to do so through pretrial motions in his criminal case, not via a pretrial § 2241 petition.  See id.

Section 2241 is likewise not the proper vehicle for Reese to challenge his detention pending trial.  The Bail Reform Act of 1984, 18 U.S.C. §§ 3141–3150, provides a comprehensive scheme governing pretrial-release decisions. See generally United States v. Salerno, 481 U.S. 739, 742–43 (1987).  First, a judicial officer will order the defendant's release or detention.  See 18 U.S.C. § 3142.  If an initial detention order is issued by a magistrate judge, the defendant can file a motion asking the District Court to revoke or amend that order.  See id. § 3145(b).  And, if the District Court denies relief, the defendant can file an appeal, which "shall be determined promptly."  Id. § 3145(c).

For all the reasons discussed above with respect to Reese's other claims, federal defendants who seek pretrial release should do so through the means authorized by the Bail Reform Act, not through a separate § 2241 action.  See Fassler v. United States, 858 F.2d 1016, 1017-19 (5th Cir. 1988) (per curiam); United States v. Pipito, 861 F.2d 1006, 1009 (7th Cir. 1987); see also Stack v. Boyle, 342 U.S. 1, 6-7 (1951) ("the District Court should withhold relief in this collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted").[3]  The District Court therefore did not err in

---

[3] In Bolones, we sustained a challenge to a denial of bail in a habeas corpus proceeding, but we did not consider, and it appears that the parties did not raise, the pertinent question here about whether § 2241 is an appropriate vehicle to assert

refusing to entertain the request for pretrial release that Reese pressed in his § 2241 petition.

For these reasons, we conclude that this appeal presents "no substantial question," and we will hence summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. Reese's motion for appointment of counsel is denied. To the extent that any of Reese's other filings in this Court request additional relief, they are denied.

---

such a claim. See Grant v. Shalala, 989 F.2d 1332, 1341 (3d Cir. 1993) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." (alteration omitted) (quoting Webster v. Fall, 266 U.S. 507, 511 (1925)).