**ALD-151** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3516
_____


IFEANYICHUKWU ERIC ABAKPORO,

Appellant

v.

FEDERAL BUREAU OF PRISONS;
WARDEN MOSHANNON VALLEY CORRECTIONAL CENTER

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 3-17-cv-00225)
District Judge:  Honorable Kim R. Gibson

_____


Submitted on Appellees' Motion for Summary Action, Appellant's Cross-Motion for
Summary Action, and for Possible Dismissal Under 28 U.S.C. § 1915(e)(2) and
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 4, 2019

Before: MCKEE, SHWARTZ and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed May 2, 2019 )
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Ifeanyichukwu Eric Abakporo appeals from the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. We will grant appellees' motion for summary action and affirm. See 3d Cir. L.A.R. 27.4 (2010); 3d Cir. I.O.P. 10.6.

I.

In 2013, Abakporo was found guilty of charges relating to bank fraud and wire fraud in the United States District Court for the Southern District of New York. That court sentenced him to 72 months in prison and ordered him to pay approximately $2.5 million in restitution. Abakporo is currently pursuing relief from his sentence in his sentencing court under 28 U.S.C. § 2255.

Abakporo is a national of Nigeria and is not a citizen of the United States. (He also is a lawyer.) Thus, his convictions potentially have immigration consequences. The Bureau of Immigration and Customs Enforcement ("ICE") has lodged an immigration detainer with the Bureau of Prisons ("BOP") against Abakporo, so it appears that ICE might institute a removal proceeding. The BOP also has classified Abakporo as a "deportable alien" under BOP Program Statement 5100.08 for its internal purposes.

At issue here is a § 2241 petition that Abakporo filed in his district of confinement. He claimed that the BOP erred in classifying him as a deportable alien because his convictions do not qualify as removable offenses under the Immigration and Nationality Act ("INA"). In particular, he claimed that they do not qualify as "fraud or deceit" aggravated felonies as defined in 8 U.S.C. § 1101(a)(43)(M)(i), because they did not result in more than $10,000 in loss to his victims. Abakporo further claimed that the

2

BOP's allegedly erroneous classification deprived him of opportunities for speedier release from prison. Thus, he sought a declaration that the BOP erred in deeming him removable under § 1101(a)(43)(M)(i).

The District Court, acting on a Magistrate Judge's recommendation, denied Abakporo's petition on various grounds. Abakporo appeals pro se, and the parties have filed cross-motions for summary action.[1]

## II.

We will grant appellees' motion, deny Abakporo's, and affirm. As the District Court implicitly recognized, Abakporo's claim fails to state a basis for habeas relief in this context and adjudicating it in this context would circumvent the framework that Congress has enacted for determining an alien's removability.

Abakporo claims that the BOP designated him as a "deportable alien" because it concluded that his conviction satisfies the definition of a removable aggravated felony contained in the INA. As appellees argue, and as all of the exhibits submitted below reveal, Abakporo is mistaken. The BOP designates alien prisoners as "deportable aliens" pursuant to BOP Program Statement 5100.08. Under that Program Statement, the BOP's decision to designate a prisoner as a "deportable alien" turns on the prisoner's citizenship status and on information provided by immigration officials, not on the definitions of

---

[1] Abakporo does not require a certificate of appealability to appeal from the denial of his § 2241 petition. See Reese v. Warden Phila. FDC, 904 F.3d 244, 246 (3d Cir. 2018). Thus, we have jurisdiction under 28 U.S.C. § 1291.

3

removable offenses contained in the INA.[2]  Thus, holding that Abakporo is not removable under § 1101(a)(43)(M)(i) as he argues would not be grounds for relief from the BOP's classification because the BOP did not base that classification on that ground of removability under the INA (or any other).[3]

Abakporo appears to argue that the BOP is required to consider his removability under the INA because he is entitled to an individualized determination of his eligibility for various programs under Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005).  Woodall, however, addressed and invalidated a BOP policy that prevented the BOP from considering certain factors that it was required to consider by statute.  See id.

---

[2] A prisoner's status as a "deportable alien" is one of many Public Safety Factors ("PSF") that the BOP considers in its classification decisions.  The BOP defines a "deportable alien" as "[a] male or female inmate who is not a citizen of the United States."  BOP Program Statement 5100.08, Ch. 5, p. 9.  The Program Statement provides in full:

> **Deportable Alien**.  A male or female inmate who is not a citizen of the United States.  All long-term detainees will have this PSF applied.  When applied, the inmate or the long-term detainee shall be housed in at least a Low security level institution.
>
> The PSF shall not be applied, or shall be removed when the U.S. Immigration and Customs Enforcement (ICE) or the Executive Office for Immigration Review (EOIR) have determined that deportation proceedings are unwarranted or there is a finding not to deport at the completion of deportation proceedings.  The Institution Hearing Program CMA of NO IHP or IHP CMP ND will then be applied.  Additionally, the PSF shall not be applied if the inmate has been naturalized as a United States citizen.

Id.

[3] Abakporo's argument also assumes that his convictions potentially render him removable only under § 1101(a)(43)(M)(i).  Criminal convictions can render an alien removable under other provisions of the INA.  See, e.g., 8 U.S.C. § 1227(a)(2)(A)(i).  We express no opinion on whether Abakporo's convictions implicate any of these provisions.

at 244.  Neither the statute at issue in <u>Woodall</u>, nor any other statute, policy or regulation of which we are aware, requires the BOP to consider whether an alien's criminal conviction satisfies the definition of a removable offense contained in the INA.

To the contrary, Congress has committed determination of an alien's removability exclusively to Immigration Judges in removal proceedings, <u>see</u> 8 U.S.C. § 1229a(a), subject to review by the Board of Immigration Appeals and then the appropriate Circuit Court of Appeals.  For Abakporo, this process has not yet begun.  We decline his invitation to circumvent it by preemptively and prematurely deciding whether his convictions render him removable under § 1101(a)(43)(M)(i).  Instead, we express no opinion on that issue.

III.

For these reasons, we grant appellee's motion for summary affirmance and will affirm the judgment of the District Court.  Abakporo's motion for summary reversal is denied.