DLD-200                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1726
_____

IN RE: FREDERICK H. BANKS,
                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. No. 2:15-cr-00168-001)
_____

Submitted Pursuant to Fed. R. App. P. 21
May 30, 2019
Before:  JORDAN, GREENAWAY, Jr., and NYGAARD, Circuit Judges

(Opinion filed: August 21, 2019)
_____

OPINION*
_____

PER CURIAM

Pro se petitioner Frederick Banks is currently awaiting trial in the United States

District Court for the Western District of Pennsylvania on charges of interstate stalking,

18 U.S.C. § 2261(a)(2), aggravated identity theft, § 1028A(a)(1), making false

statements, § 1001(a)(3), and wire fraud, § 1343.  Banks has filed hundreds of pro se

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

motions in his pending criminal matter despite being represented by counsel, and he has filed numerous pro se mandamus petitions in the District Court and this Court relating to his criminal proceedings.

In his present mandamus petition, Banks maintains that the District Court Clerk has refused to accept several petitions that he sought to file purportedly under 28 U.S.C. § 2241 earlier this year. The Clerk rejected Banks' filings based on a vexatious-litigant order that Banks asserts is void because it violates his right to due process. He asks that this Court compel the District Court Clerk to accept his filings so that he can challenge what he describes as illegal detention pending his federal trial. He also asks this Court to order the recusal of the District Judge handling his criminal matter and to compel the District Court to rule on a motion filed by his defense counsel for his release.

A writ of mandamus is a "drastic remedy" that may be granted "only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (citation omitted). "Before a writ of mandamus may issue, a party must establish that (1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." See Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted).

We will deny Banks' petition. Regarding Banks' first request about the filing of his petitions, we do not believe that a grant of mandamus relief would be an appropriate

2

exercise of our discretion where the underlying relief Banks seeks — release from detention pending federal charges — may not be obtained through a petition pursuant to § 2241.[1] See Reese v. Warden Phila. FDC, 904 F.3d 244, 245 (3d Cir. 2018) ("[A] federal detainee's request for release pending trial can only be considered under the Bail Reform Act and not under a § 2241 petition for habeas relief."); see also In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) ("[T]he exercise of our [mandamus] power is largely discretionary."). To the extent that Banks challenges the vexatious-litigant order, mandamus is not a substitute for appeal. See Cheney v. U.S. Dist. Court for D.C., 542 U.S. 367, 380-81 (2004).

Banks' two remaining requests relating to his pending criminal action do not warrant mandamus relief. Banks' dissatisfaction with several decisions the District Court has made regarding his past requests for release is not a basis for recusal of the District Judge.[2] See Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); SecuraComm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal."). Banks' request that we order the District Court to rule on a motion

---

[1] We come to this conclusion regardless of whether the terms of the vexatious-litigant order apply to Banks' filings, and whether he fully complied with those terms in submitting his petitions — questions on which we do not opine.

[2] Additionally, although Banks has moved for recusal of the District Judge on several occasions, he has not sought recusal in connection with the issue of his continued detention, and we generally cannot issue mandamus relief if an alternative remedy is available. See In re Kensington, 353 F.3d at 224.

3

for his release is moot; the District Court issued a ruling on March 27, 2019.[3] See

Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

For these reasons, we will deny Banks' petition.

---

[3] Banks also appears to ask this Court to compel his defense counsel to provide him with a copy of an opinion issued by this Court in a separate matter. Even if acting on Banks' request was within the scope of our mandamus power, this request is moot. It is apparent from Banks' filings in that case that Banks has received a copy of the opinion. See C.A. No. 16-3794.