**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3212
_____

FREDERICK H. BANKS,
Appellant

v.

NPR NEWS MORNING EDITION; NATIONAL PUBLIC RADIO; DIRECTOR
CENTRAL INTELLIGENCE AGENCY; CENTRAL INTELLIGENCE AGENCY;
WARDEN ALLEGHENY COUNTY JAIL

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 2:19-cv-01168)
District Judge:  Honorable Cathy Bissoon

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 30, 2020

Before:  AMBRO, GREENAWAY, Jr., and BIBAS, Circuit Judges

(Opinion filed: February 25, 2020)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Frederick Banks, proceeding pro se, appeals an order of the United States District Court for the Western District of Pennsylvania dismissing his habeas petition pursuant to vexatious-litigant orders. For the reasons that follow, we will summarily affirm the judgment of the District Court.

On November 7, 2019, Banks was found guilty after a federal jury trial of wire fraud and aggravated identity theft. He has yet to be sentenced. Prior to his conviction, Banks filed a form petition for a writ of habeas corpus under 28 U.S.C. § 2241 on behalf of himself and as "next friend" to the estate of Anthony Bordain.[1] Banks alleged that he and Bourdain, who is deceased, were "under illegal FISA [Foreign Intelligence Surveillance Act] electronic surveillance which ultimately resulted in not a 'suicide' but a remote assassination under Banks' theory." Petition at 7. He stated that he and Bordain had been targeted by the CIA. Banks sought disclosure of all FISA orders and claimed violations of due process and federal law.

Banks also claimed that NPR News, which he named as a respondent, has been falsely reporting Bourdain's death as a suicide. In addition, he claimed that he was being unlawfully held beyond his maximum possible sentence in pre-trial detention because of the illegal FISA warrants and sought his release. He alleged that he has a high-pitched tone in each ear and that he is under illegal electronic surveillance.

---

[1]Banks filed the petition in the United States District Court for the District of Columbia and it was transferred to the United States District Court for the Western District of Pennsylvania.

2

The District Court dismissed the case under vexatious-litigant orders entered in two other actions filed by Banks, W.D. Civ. Nos. 15-cv-01400 and 15-cv-01385, as expanded by an order in a criminal case, W.D. Crim. No. 15-cr-00174, in which Banks filed a habeas petition and motions as "next friend" of the defendant. In the civil actions, the District Court found that Banks had abused the judicial process by filing frivolous and duplicative lawsuits, designated him a vexatious litigant, and enjoined him from filing any complaint, lawsuit, or mandamus petition without authorization of the Court.

In the criminal action, the District Court extended its vexatious-litigant order "to all filings made by Mr. Banks, in his name or under his known alias(es), whether on his behalf or on behalf of anyone else." 10/3/17 Order. The District Court noted that the order did not apply to filings in Banks' active criminal case. Banks appealed and we affirmed the District Court's order. United States v. Miller, 726 F. App'x, 107, 108 (3d Cir. 2018) (per curiam) (non-precedential). Banks now appeals the District Court's order dismissing his habeas petition pursuant to its vexatious-litigant orders.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

Banks asserts in his notice of appeal that the District Court erred because its vexatious-litigant orders do not apply to habeas corpus actions. He also states that the American Indian canon of construction requires that § 2241 be liberally construed. As

3

discussed above, the District Court extended its vexatious-litigant order to all filings by Banks other than those in his active criminal case. Even if the vexatious-litigant orders were limited to complaints, lawsuits, and mandamus petitions, we find no error in the District Court's application of the orders here as Banks' claims are not cognizable under § 2241, see Reese v. Warden Phila. FDC, 904 F.3d 244, 247 (3d Cir. 2018) (§ 2241 is not the proper vehicle to challenge detention pending trial); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005) (§ 2241 allows a federal prisoner to challenge the execution of his sentence), and he may not circumvent the orders by filing a habeas petition. Moreover, Banks cannot litigate on behalf of Bourdain or his estate. See Elustra v. Mineo, 595 F.3d 699, 704 (7th Cir. 2010) (representative parties such as next friends may not conduct litigation pro se).

Because this appeal does not raise a substantial question, we will summarily affirm the judgment of the District Court. See 3d Cir. LAR 27.4.