In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-3201

TIMOTHY B. FREDRICKSON,

*Petitioner-Appellant,*

*v.*

DUSTY TERRILL, Sheriff,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 4:19-cv-4080-SEM-TSH — **Sue E. Myerscough**, *Judge.*

SUBMITTED APRIL 10, 2020* — DECIDED MAY 8, 2020

Before KANNE, ROVNER, and HAMILTON, *Circuit Judges.*

PER CURIAM. Timothy Fredrickson, then awaiting his criminal trial, petitioned for a writ of habeas corpus, 28 U.S.C. § 2241, seeking release on bail. The district court denied the

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

petition, determining that challenges to pretrial detention must be brought under the Bail Reform Act of 1984, 18 U.S.C. § 3142, rather than a habeas proceeding. We affirm.

In March 2017 Fredrickson was placed in federal custody pending his trial for sexual exploitation of a child. He initially consented to detention but then sought release under the Bail Reform Act, asserting that conditions existed to ensure that he would not be a flight risk or a threat to the public. After a hearing, the district court in December 2017 denied Fredrickson's request for pretrial release, concluding that he failed to show he was not a danger to the community. *See* § 3142(e)(3)(E). He filed a motion for reconsideration, which the district court denied in February 2018. Five months later Fredrickson filed a pro se notice of appeal, and we dismissed the appeal as untimely. *United States v. Fredrickson*, No. 18-2469 (7th Cir. Aug. 27, 2018) (citing FED. R. APP. P. 4(b), which requires that a notice of appeal be filed within 14 days of judgment).

Fredrickson proceeded to contest his detention by petitioning in April 2019 for a writ of habeas corpus. Fredrickson alleged that the district court wrongly denied him release on bond, adding that he was denied effective assistance by counsel who allowed his bail hearing to be delayed and then failed to appeal the detention. He also challenged this court's determination that his notice of appeal was untimely, arguing that the Bail Reform Act permits him to appeal his detention at any time.

The district court dismissed the petition on grounds that federal pretrial detainees should seek release through the Bail Reform Act rather than a habeas petition. It also noted that it had no authority to order this court to reevaluate its decisions.

Fredrickson then moved for reconsideration, which the court denied. Whether or not Fredrickson availed himself of all available remedies, the court explained, he had the "*ability to appeal his detention order*" and was required to follow procedures and abide by time limits if he wanted appellate review of that order.

In January 2020 a jury found Fredrickson guilty of one count of sexual exploitation of a child. *See* 18 U.S.C. § 2251(a). His sentencing hearing is scheduled for June 2020, and he faces a minimum of 15 years' imprisonment. *See* § 2251(e).

On appeal Fredrickson asserts that he should be able to attack his detention through a habeas proceeding because his attorney missed the 14-day deadline to appeal the detention order. *See* FED. R. APP. P. 4(b). But the district court appropriately refused to entertain the request for pretrial release that he pressed in his § 2241 petition. A federal detainee's request for release pending trial can be considered under only the Bail Reform Act, and not a § 2241 petition. *See United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987); *Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 246–47 (3d Cir. 2018). The Bail Reform Act created a comprehensive scheme to control pretrial release or detention decisions and provides detainees a mechanism to seek review of pretrial detention orders. *See* §§ 3142, 3143, 3145. Fredrickson points us to no legal authority, and we cannot find any ourselves, that allows a detainee to contest pretrial detention through a § 2241 petition simply because he missed the deadline to appeal an order of detention. As the Supreme Court has directed, the "writ of *habeas corpus* should not do service for an appeal. … This rule must be strictly observed if orderly appellate procedure is to be maintained." *United States v. Addonizio*, 442 U.S. 178, 184 n.10 (1979)

(quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 274 (1942)).

AFFIRMED.