**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1648
_____

ELDON LAMAR WASHINGTON,
                                        Appellant

v.

WARDEN CANAAN USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:21-cv-00211)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2),
Or for Possible Summary Action Pursuant to Third Circuit L.A.R. 27.4
and I.O.P. 10.6
on June 24, 2021

Before: McKEE, GREENAWAY, JR., and BIBAS, Circuit Judges

(Opinion filed: September 7, 2021)

_____

———————

OPINION[*]

———————

PER CURIAM

Eldon Washington is serving a sentence, imposed by the United States District Court for the Eastern District of Kentucky, at USP Canaan in Waymart, Pennsylvania. According to the Government, Washington's projected release date is March 31, 2022.

Washington filed in the United States District Court for the Middle District of Pennsylvania a habeas petition under 28 U.S.C. § 2241 seeking release to home confinement or from custody altogether. Washington asserted in his petition that: federal prisons present a "uniquely hospitable environment for COVID-19 to spread"; his particular medical profile makes him susceptible to severe consequences from a SARS-CoV-2 infection; and his conditions of confinement violate the Eighth Amendment.

After denying Washington's motion for appointment of counsel and eliciting the Government's response to Washington's habeas petition, the District Court denied the petition on the merits. The District Court determined that there was no basis to disturb the decision of the Bureau of Prisons (BOP) rejecting Washington's plea for home confinement. The District Court reasoned that discretion to make home confinement decisions is vested solely in the BOP and, to the extent that the BOP's exercise of discretion is subject to judicial review, the exercise was reasonable in Washington's case. Additionally, the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

District Court noted that, insofar as a request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) was embedded in Washington's habeas petition, such a request needed to be directed to the sentencing court (in Kentucky).

The District Court next addressed Washington's Eighth Amendment conditions-of-confinement claim. The District Court assumed, arguendo, that such a claim is cognizable in habeas proceedings under § 2241. And it determined that the claim lacks merit because "even when considering Petitioner's underlying health conditions, he has neither identified a sufficiently serious deprivation that rises to the level of an Eighth Amendment violation nor has he established that officials at USP Canaan have acted with deliberate indifference to his health or safety."

Washington now appeals the District Court's judgment. He does not need a certificate of appealability to proceed. See Reese v. Warden Phila. FDC, 904 F.3d 244, 246 (3d Cir. 2018). We have jurisdiction under 28 U.S.C. § 1291. Our review is plenary. See Reese, 904 F.3d at 246.

We conclude that Washington's petition was properly denied, for substantially the reasons given in the District Court's memorandum opinion. In particular, we agree with the District Court that whether to transfer an inmate to home confinement is a decision within the exclusive discretion of the BOP. See 18 U.S.C. § 3624(c)(2); see also CARES Act, Pub. L. 116-136, Mar. 27, 2020, 134 Stat. 281, Div. B, Title II, § 12003(b)(2) ("[T]he Director of the [BOP] may lengthen the maximum amount of time for which *the Director* is authorized to place a prisoner in home confinement under [§ 3624(c)(2)].") (emphasis added). We also agree with the District Court that, assuming the cognizability of Washington's Eighth

3

Amendment claim, cf. <u>Hope v. Warden York Cty. Prison</u>, 972 F.3d 310, 324–25 (3d Cir. 2020) ("Given the extraordinary circumstances *that existed in March 2020* because of the COVID-19 pandemic, we are satisfied that their § 2241 claim seeking only release on the basis that unconstitutional confinement conditions require it is not improper.") (emphasis added), the claim lacks merit because Washington's allegations fail to demonstrate deliberate indifference by USP Canaan (or the BOP more generally), <u>see</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994); <u>see also</u> <u>Hope</u>, 972 F.3d at 330 ("Although the District Court criticized the Government for the lack of 'effective containment measures,' and for not doing 'nearly enough' to combat COVID-19, those critiques are not tantamount to establishing the Government's deliberate indifference.") (internal citation omitted); <u>Wilson v. Williams</u>, 961 F.3d 829, 841 (6th Cir. 2020) (holding that the BOP's early efforts to curtail the spread of COVID-19 demonstrated "the opposite of a disregard of a serious health risk").

Because this appeal presents no substantial question, we will summarily affirm the judgment of the District Court. <u>See</u> 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018).