DLD-242                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2029
_____

KEVIN KERR, a/k/a Allah,
                                              Appellant

v.

WARDEN ALLENWOOD USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-21-cv-00199)
District Judge:  Sylvia H. Rambo

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 5, 2021
Before:  JORDAN, KRAUSE and PHIPPS, Circuit Judges

(Opinion filed: November 8, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Kevin Kerr appeals the District Court's order dismissing his petition under 28 U.S.C. § 2241. We will dismiss this appeal as frivolous.

Kerr, who was sentenced to life in prison and then committed to a hospital for mental-health treatment, see 18 U.S.C. § 4245, filed a § 2241 petition raising a variety of claims. He argued that the commitment order should be set aside; that officials violated his rights under the Religious Freedom and Restoration Act by placing a substantial burden on his "divine right to represent himself," ECF No. 1 at 7; and that his conviction should be invalidated because he was incompetent and his due-process rights were violated.

The District Court dismissed the petition, holding that Kerr's challenges to his underlying conviction must be asserted in a motion pursuant to 28 U.S.C. § 2255, and that his challenges to the conditions of his confinement must be asserted in an action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). ECF 17 at 7, 9. Finally, the Court noted that while a challenge to Kerr's commitment under 18 U.S.C. § 4245 was cognizable in a habeas petition, he was "lawfully confined for mental health care and treatment." Id. at 9.

We have jurisdiction under 28 U.S.C. § 1291.[1] Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), we will dismiss the appeal as frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

---

[1] Federal prisoners do not require a certificate of appealability to appeal the dismissal of a § 2241 petition. See Reese v. Warden Phila. FDC, 904 F.3d 244, 246 (3d Cir. 2018).

We conclude that the appeal lacks an arguable basis in law and fact. In the brief Kerr has filed in this Court, he has failed altogether to identify any flaws in the District Court's order. Instead, the brief is replete with baseless arguments such as that the commitment order "places a substantial burden on this Appellant's Free Religious Exercise of His Copyrighted and Registered Holy Qur'an Literal Article-Free National Name 'ALLAH.'" Br. at 5.

Moreover, on our independent review, Kerr has no arguable basis to challenge the District Court's judgment. To the extent that Kerr presented civil-rights claims, these claims do not challenge the fact, duration, or execution of his sentence, and therefore cannot be pursued via habeas. See Preiser v. Rodriguez, 411 U.S. 475, 494 (1973); McGee v. Martinez, 627 F.3d 933, 936 (3d Cir. 2010). To the extent that Kerr attacked his underlying conviction, "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences," Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), and he has not shown that he falls within the narrow exception in which a § 2241 petition is permissible, see Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017); In re Dorsainvil, 119 F.3d 245, 251–52 (3d Cir. 1997). Finally, even assuming that it was permissible for Kerr to challenge his commitment via § 2241, see generally Archuleta v. Hedrick, 365 F.3d 644, 648 (8th Cir. 2004), he did not meaningfully show either that the order was erroneous when issued or that it should be lifted now.

Accordingly, we will dismiss the appeal under § 1915(e)(2)(B)(i).