**BLD-082**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3114
_____

VINCENT PISCIOTTA,
                                    Appellant

v.

WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-21-cv-15852)
District Judge:  Honorable Renee M. Bumb
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 10, 2022
Before:  MCKEE, GREENAWAY, JR., and PORTER, Circuit Judges

(Opinion filed: March 1, 2022)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Vincent Pisciotta, a federal prisoner currently confined at FCI Fort Dix, appeals pro se from the District Court's order dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, we will summarily affirm the District Court's order.

I.

In 2012, Pisciotta was convicted in the United States District Court for the Western District of Missouri of arson, conspiracy to commit arson, and use of fire to commit a federal felony offense. Pisciotta was sentenced to 240 months imprisonment. Pisciotta appealed his conviction and sentence, arguing in part that convictions of both arson and conspiracy to commit arson violated his Fifth Amendment protection against Double Jeopardy. The Court of Appeals for the Eighth Circuit rejected this argument and denied Pisciotta's appeal. See United States v. Anderson, 783 F.3d 727, 738-43 (8th Cir. 2015). Pisciotta then filed a motion to vacate under 28 U.S.C. § 2255. The sentencing court denied the motion, and the Eighth Circuit denied Pisciotta's request for a certificate of appealability for failure to make the requisite showing.

Pisciotta then filed a petition pursuant to 28 U.S.C. § 2241 in the Northern District of Texas, where he was then incarcerated, alleging that § 2255 was inadequate or ineffective to challenge his detention. Pisciotta raised various claims regarding his conviction and sentence, including another argument that his convictions violated constitutional protections against Double Jeopardy. The Northern District of Texas

2

dismissed his petition and the Court of Appeals for the Fifth Circuit affirmed, concluding that Pisciotta's "claims [we]re not cognizable in a § 2241 proceeding." Pisciotta v. Harmon, 748 F. App'x 634, 635 (5th Cir. 2019).

In 2021, Pisciotta filed another § 2241 habeas petition in the District of New Jersey, the judicial district where he is incarcerated, again alleging that his convictions for use of fire to commit a federal felony, arson, and conspiracy to commit arson violated his Fifth Amendment protection against Double Jeopardy. The District Court dismissed the § 2241 petition, concluding that Pisciotta failed to show that § 2255 provided an "inadequate or ineffective" remedy to allow for consideration under § 2241. Pisciotta appeals.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[1] We exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We construe Pisciotta's pro se filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). We may summarily affirm if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[1] Pisciotta does not need a certificate of appealability to proceed. See Reese v. Warden Phila. FDC, 904 F.3d 244, 246 (3d Cir. 2018).

3

III.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A habeas corpus petition under § 2241 accordingly "shall not be entertained" unless a § 2255 motion would be "inadequate or ineffective to test the legality of [petitioner's] detention." 28 U.S.C. § 2255(e). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. This "safety-valve" exception is narrow and applies only in rare circumstances, such as when "an intervening change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review." See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 179 (3d Cir. 2017).

We agree with the District Court's determination that Pisciotta could not make the showing necessary to meet the safety-valve exception. As the District Court explained, Pisciotta failed to alleged any "intervening change in statutory interpretation" or legal precedent that would apply retroactively to his conviction. Pisciotta alleges that he should be allowed to proceed under § 2241 because he is unable to raise his Double Jeopardy argument under § 2255. This argument ignores his own prior challenges to his

4

conviction. As we described above, Pisciotta has had numerous "earlier opportunit[ies]" to present his Double Jeopardy claim, Bruce, 868 F.3d at 180, and the fact that his prior challenges have been unsuccessful and/or a new one would be barred as successive does not make it an inadequate remedy. See Okereke, 307 F.3d at 120; Cordaro v. United States, 933 F.3d 232, 240-41 (3d Cir. 2019) (holding that colorable claims of actual innocence whereby a petitioner is "being detained for conduct that was subsequently rendered noncriminal" by a Supreme Court decision may meet the § 2255(e) requirement when the petitioner had no earlier opportunity to raise the claims).

For those reasons, we will affirm the judgment of the District Court.[2] See 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018).

---

[2] Pisciotta's petition alternatively asserted his Double Jeopardy claim pursuant to the All Writs Act, 28 U.S.C. § 1651. To the extent that Pisciotta maintains this argument on appeal, we conclude that the District Court properly dismissed this claim. The All Writs Act is "a residual source of authority to issue writs that are not otherwise covered by statute," and "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985). Section 2255 motions "are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution" or the laws of the United States. Okereke, 307 F.3d at 120. Pisciotta's Double Jeopardy claim, an alleged constitutional violation, could have been brought in his § 2255 motion.