NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1125
_____

KENNETH JAMES,
                               Appellant

v.

WARDEN ALLENWOOD FCI LOW
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:22-cv-00403)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B),
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6, and
for a Decision on the Issuance of a Certificate of Appealability
April 13, 2023

Before: HARDIMAN, RESTREPO, and BIBAS, Circuit Judges

(Opinion filed April 20, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Kenneth James appeals the District Court's dismissal of his habeas petition filed pursuant to 28 U.S.C. § 2241. Because the appeal fails to present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

James pleaded guilty in the District of the Virgin Islands to conspiracy to possess with the intent to distribute cocaine. The District Court later denied his motion to withdraw his guilty plea and sentenced him to 78 months of incarceration, to be followed by five years of supervised release. We affirmed the denial of the motion to withdraw the guilty plea. See United States v. James, 928 F.3d 247, 259 (3d Cir. 2019). Next, James filed a motion under 28 U.S.C. § 2255, which the District Court denied.

In March 2022, James, who was incarcerated at FCI Allenwood, filed a petition under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. He alleged that he is innocent because the other participants in the drug conspiracy were government agents or informants who entrapped him. James also claimed that his attorney was ineffective during the plea negotiations. The Government filed a response in opposition to the petition. The District Court dismissed the petition for lack of jurisdiction because James failed to demonstrate that a motion under § 2255 would be an inadequate or ineffective remedy. James appealed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. In reviewing the District Court's dismissal of the § 2241 petition, we exercise plenary review over its legal conclusions and review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We may summarily affirm a

2

District Court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). The "savings clause" contained in § 2255(e) provides an exception to this rule when a § 2255 motion would be "inadequate or ineffective to test the legality of [the petitioner's] detention." 28 U.S.C. § 2255(e); see Cradle, 290 F.3d at 538. This narrow exception applies in only rare circumstances, such as when "an intervening change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review." See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 179 (3d Cir. 2017); see also Cordaro v. United States, 933 F.3d 232, 239 (3d Cir. 2019).

James has not established that § 2255 is inadequate or ineffective here. He has not alleged that an intervening change in the law decriminalized the conduct for which he was convicted. See Bruce, 868 F.3d at 178; In re Dorsainvil, 119 F.3d 245, 251–52 (3d Cir. 1997). Rather, he presents claims that he either could have raised or did raise in his initial § 2255 motion. Although the limitations on second or successive § 2255 motions might prevent him from raising the claims in a new § 2255 motion, that does not make § 2255 inadequate or ineffective. See Okereke, 307 F.3d at 120.

Accordingly, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. The motion for a certificate of appealability is denied as

3

unnecessary.  See Reese v. Warden Philadelphia FDC, 904 F.3d 244, 246 (3d Cir. 2018).

James' request for appointment of counsel is denied.