DLD-022                                             NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2205
_____

SAUL PACHECO MEJIA,
                    Appellant

v.

WARDEN LORETTO FCI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3:24-cv-00278)
Magistrate Judge:  Honorable Keith A. Pesto
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 30, 2025

Before: RESTREPO, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: November 7, 2025)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Saul Pacheco Mejia appeals *pro se* and *in forma pauperis* from the District Court's order denying his habeas petition. We will affirm.

In March 2022, Pacheco Mejia pled guilty in the Eastern District of Virginia to aiding and abetting the use of a firearm in furtherance of drug trafficking resulting in death in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(iii), (j). The court sentenced him to 240 months' imprisonment—later reduced to 120 months—which he currently is serving at Federal Correctional Institution Loretto in Cambria County, Pennsylvania. Pacheco Mejia filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 last November because he believes that the Bureau of Prisons has unlawfully denied him earned time credits under the First Step Act of 2018. See 18 U.S.C. § 3624. The United States District Court for the Western District of Pennsylvania[1] denied his petition, observing that federal law expressly renders him ineligible for those time credits due to his Section 924(c) offense. Pacheco Mejia appeals, and Appellee has moved for summary affirmance.

We have jurisdiction under 18 U.S.C. § 1291, and we exercise plenary review over the District Court's legal conclusions. See Reese v. Warden Phila. FDC, 904 F.3d 244, 246 (3d Cir. 2018). We may summarily affirm if an appeal does not present a substantial question. See 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

---

[1] The parties consented to the jurisdiction of a United States Magistrate Judge. See 28 U.S.C. § 636(c)(1).

Pacheco Mejia's appeal does not raise a substantial question. The District Court correctly concluded that he is statutorily ineligible to earn time credits because he "is serving a sentence for a conviction under . . . Section 924(c), relating to unlawful possession or use of a firearm during and in relation to [a] . . . drug trafficking crime." See 18 U.S.C. § 3632(d)(4)(D)(xxii). Pacheco Mejia cited several decisions of the United States Supreme Court in support of his petition, but none of them entitles him to relief. The Court struck down Section 924(c)'s residual clause as unconstitutionally vague in United States v. Davis, 588 U.S. 445 (2019), and it held in United States v. Taylor, 596 U.S. 845 (2022), that attempted Hobbs Act robbery is not a "crime of violence" under Section 924(c)(3)(A). Pacheco Mejia was not convicted under either provision. Nor is his ineligibility for time credits a result of the Bureau of Prison's interpretation of an ambiguous statute, which might warrant scrutiny à la Loper Bright Enterprises v. Raimondo, 603 U.S. 369 (2024) (overruling the deference principles established in Chevron U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837 (1984)). Congress explicitly identified Section 924(c) offenders like Pacheco Mejia as ineligible for First Step Act time-credit purposes.

Accordingly, we grant Appellee's motion and will summarily affirm the District Court's judgment.