DLD-029                                                       **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2685
_____

ARCHIE ANTWON BRIDGES,
Appellant

v.

WARDEN SCHUYLKILL FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:25-cv-01201)
District Judge:  Honorable Robert D. Mariani
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 6, 2025

Before:  RESTREPO, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed November 21, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Archie Bridges appeals *pro se* and *in forma pauperis* from the District Court's order denying his habeas petition.  We will affirm.

Bridges is serving a 120-month prison sentence at the Federal Correctional Institution in Schuylkill County, Pennsylvania, following his conviction on gun and drug charges in the Eastern District of North Carolina.  His projected release date currently is in September 2026.  This past June, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 because he believes that the Bureau of Prisons has unlawfully denied him earned time credits under the First Step Act ("FSA") of 2018 and Residential Reentry Center ("RRC") credits for placement in a halfway house.  The United States District Court for the Middle District of Pennsylvania denied his petition on the grounds that he (1) is not yet eligible to have FSA time credits applied to his release date because his recidivism risk level of medium is too high, and (2) failed to exhaust his administrative remedies with respect to RRC credits.  Bridges appeals.

We have jurisdiction under 18 U.S.C. § 1291, and we exercise plenary review over the District Court's legal conclusions.  See Reese v. Warden Phila. FDC, 904 F.3d 244, 246 (3d Cir. 2018).  We may summarily affirm if an appeal does not present a substantial question.  See 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

Bridges' appeal does not raise a substantial question.  Although an inmate may earn FSA time credits, federal law precludes the application of those credits to an

inmate's release date until certain criteria are met. For placement in prerelease custody, prison officials must determine that the inmate presents a "minimum or low risk" of recidivism "pursuant to [his] last 2 reassessments" under the Risk and Needs Assessment System, or the prison's warden must approve the inmate's transfer petition. See 18 U.S.C. § 3624(g)(1)(D)(i)(I)-(II). For placement in supervised release, the inmate need only show that his "last reassessment" demonstrated a "minimum or low risk" of recidivism. See id. § 3624(g)(1)(D)(ii).

The District Court correctly explained that Bridges was ineligible to have his earned FSA time credits applied to his release date because he had not yet been assessed a risk level below medium, nor had he petitioned the warden of FCI Schuylkill for transfer to prerelease custody or supervised release. Bridges challenges that conclusion under Loper Bright Enterprises v. Raimondo, 603 U.S. 369 (2024), which overruled the deference principles established in Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984). See C.A. Doc. 7 at 2-5. Loper Bright is inapplicable, however, because Bridges' ineligibility for FSA time credits is a direct consequence of unambiguous statutory language, not the Bureau's regulations.[1]

---

[1] Bridges belatedly asserts that the warden approved his release by granting his "halfway house 'petition.'" See ECF Doc. 9 at 3 (citing Ex. A-1). The document he cites in support of that claim appears to reflect the recommendation of the prison's program review unit that Bridges be placed in a halfway house in May 2026. Whether or not that recommendation is tantamount to approval of a "transfer petition," it is undisputed that

3

Accordingly, we grant Bridges' motion for extension of time to file a brief and we will summarily affirm the District Court's judgment.

---

the document was prepared after the District Court denied Bridges' habeas petition and was never presented to that court via a motion for reconsideration. In any event, Bridges does not contest the District Court's determination that he failed to exhaust his administrative remedies in pursuit of RRC credits, and our independent review of the record confirms that he did not appeal the prison's denial of his initial request. We will affirm that portion of the District Court's ruling because Bridges has not "show[n] cause for the default or prejudice attributable thereto." See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 759 (3d Cir. 1996).