DLD-113                                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 26-1064
_____

JOHNSON OGUNLANA,
                                        Appellant

v.

WARDEN ALLENWOOD FCI LOW
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4:25-cv-00783)
Chief District Judge:  Honorable Matthew W. Brann
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 16, 2026
Before:  RESTREPO, PORTER, and MONTGOMERY-REEVES, *Circuit Judges*

(Opinion filed May 4, 2026)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Johnson Ogunlana appeals *pro se* and *in forma pauperis* from the District Court's order denying his habeas petition. We will affirm.

Ogunlana is nearing the end of the six-year federal prison sentence he received after pleading guilty in the District of Maryland to several counts of aggravated identity theft and other crimes. He currently is confined at the Federal Correctional Institution, Allenwood Low in White Deer, Pennsylvania, with a projected release date of May 5, 2026. One year earlier, Ogunlana filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania challenging the Bureau of Prison's refusal to transfer him to a halfway house for community-based treatment through the Residential Drug Abuse Program (RDAP). The BOP rejoined that Ogunlana is ineligible for RDAP because he is subject to an immigration detainer and will be processed for removal from the United States following his release from prison.

Ogunlana abandoned his RDAP arguments in his traverse, arguing instead—for the first time—that the BOP violated the Second Chance Act of 2007, Pub. L. No. 110-199, 122 Stat. 657 (2008), and bureau policy by refusing to consider him for transfer to prerelease custody due to his immigration status. The District Court concluded that Ogunlana waived that claim by waiting until his reply to raise it, and that he failed to exhaust his remedies by not first presenting it to BOP administrators; the court was not

2

persuaded by his conclusory argument that it would be futile to require exhaustion under the circumstances. Ogunlana appeals and moves for the appointment of counsel.

We have jurisdiction under 18 U.S.C. § 1291, and we exercise plenary review over the District Court's legal conclusions. *See Reese v. Warden Phila. FDC*, 904 F.3d 244, 246 (3d Cir. 2018). We may summarily affirm if an appeal does not present a substantial question. *See* 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

Ogunlana's appeal does not raise a substantial question. It is well settled that federal prisoners generally must avail themselves of available administrative remedies before they may pursue relief in court under Section 2241. *See Moscato v. BOP*, 98 F.3d 757, 760 (3d Cir. 1996); *see also Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) ("[W]e have consistently applied an exhaustion requirement to claims brought under § 2241."). Ogunlana does not deny that he never presented his Second Chance Act challenge to the BOP, and his undeveloped argument that his oversight should be excused on grounds of futility is unavailing. As the District Court aptly noted, Ogunlana successfully exhausted his administrative remedies with respect to his now-abandoned RDAP challenge, but he offered no compelling reason why he could not do the same with his belated claim. Accordingly, we deny his motion for appointment of counsel, and we will summarily affirm the District Court's judgment.