**ALD-253**                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2280
_____

ALI DARWICH,
                                        Appellant

v.

WARDEN LEWISBURG USP;
ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:22-cv-00998)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 29, 2022

Before: JORDAN, RESTREPO, and SCIRICA, Circuit Judges

(Opinion filed: October 14, 2022)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**PER CURIAM**

Ali Darwich, a federal prisoner currently confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"), appeals pro se from the District Court's order dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, we will summarily affirm the District Court's order.

In 2013, a jury in the Eastern District of Michigan convicted Darwich of thirty-three counts related to arson and insurance fraud, including seven counts of using fire to commit fraud in violation of 18 U.S.C. § 844(h)(1). He was sentenced to a total term of 1647 months of imprisonment.[1] The United States Court of Appeals for the Sixth Circuit affirmed, and the United States Supreme Court denied Darwich's petition for a writ of certiorari. See United States v. Darwich, 574 F. App'x 582 (6th Cir. 2014), cert. denied, 574 U.S. 1200 (2015). Darwich then moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The District Court denied the motion, see United States v. Darwich, No. 2:10-CR-20705, 2016 WL 146662 (E.D. Mich. Jan. 13, 2016), and the Sixth Circuit denied Darwich's request for a certificate of appealability, see Darwich v. United States, No. 16-1151 (6th Cir. August 5, 2016) (order). Darwich has since filed

---

[1] The application of 18 U.S.C. § 844(h)(1) required an enhanced sentence of ten years for Darwich's first § 844(h)(1) conviction and an additional twenty years for each of the six subsequent § 844(h)(1) convictions, to run consecutively, resulting in a 130-year mandatory minimum sentence of imprisonment.

numerous unsuccessful motions for authorization to file second or successive § 2255

motions.[2]

In 2022, Darwich filed a petition for relief under § 2241,[3] which the District Court

construed as raising three claims: (1) that Darwich's conviction and sentence are

unlawful under United States v. Davis, 588 U.S. __, 139 S. Ct. 2319 (2019), Bailey v.

United States, 516 U.S. 137 (1995), and Deal v. United States, 508 U.S. 129 (1993); (2)

that he was subjected to selective prosecution because of his race or ethnicity; and (3)

that the sentencing court erred by imposing consecutive sentences.  The District Court

dismissed the petition, concluding that Darwich failed to show that § 2255 was an

---

[2] Relevant here, Darwich attempted to file a § 2255 motion in 2017 arguing, in pertinent part, that he was entitled to relief under Johnson v. United States, 576 U.S. 591 (2015), because his convictions under 18 U.S.C. § 844(h)(1) no longer qualified as crimes of violence.  The Sixth Circuit denied Darwich's request, explaining that Johnson did not address sentences imposed under § 844(h)(1) or the issue of consecutive sentences in general and, instead, involved the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii).  See In re Darwich, No. 17-2376 (6th Cir. June 5, 2018) (order).

Darwich attempted to file another § 2255 motion in 2019, arguing, in relevant part, that his convictions under § 844(h)(1) no longer qualified as crimes of violence in light of United States v. Davis, 588 U.S. __, 139 S. Ct. 2319 (2019), United States v. Salas, 889 F.3d 681 (10th Cir. 2018), and United States v. Lecron, No. 3:19-cr-4, 2019 WL 2774297 (N.D. Ohio July 2, 2019).  The Sixth Circuit denied the request, explaining that Davis, Salas, and Lecron were inapplicable because Darwich had been sentenced under § 844, not § 924.  See In re Darwich, No. 19-1294 (6th Cir. Sept. 25, 2019) (order).

[3] Darwich filed his petition in the United States District Court for the Eastern District of Pennsylvania, and it was transferred to the United States District Court for the Middle District of Pennsylvania, the judicial district where Darwich is incarcerated.

"inadequate or ineffective" remedy so that his claims could be considered under § 2241. Darwich now appeals.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[4]  We exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error.  See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).  We may summarily affirm if the appeal fails to present a substantial question.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences."  Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  A habeas corpus petition under § 2241 accordingly "shall not be entertained" unless a § 2255 motion would be "inadequate or ineffective to test the legality of [petitioner's] detention."  28 U.S.C. § 2255(e).  "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  Cradle, 290 F.3d at 538.  This exception, known as the "safety-valve clause," is narrow and applies only in rare circumstances, such as when "an intervening change in statutory interpretation runs the

---

[4] Darwich does not need a certificate of appealability to proceed.  See Reese v. Warden Phila. FDC, 904 F.3d 244, 246 (3d Cir. 2018).

4

risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review." See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 179 (3d Cir. 2017).

We agree with the District Court's determination that Darwich failed to make the showing necessary to meet the safety-valve exception. First, Darwich alleged that his conviction no longer qualifies as a violent felony in the wake of Deal, Bailey, and Davis, and his sentences, therefore, may no longer run consecutively under 18 U.S.C. § 924(c).[5] Even assuming that § 2241 could be a vehicle for such a challenge, as the District Court explained, Darwich's sentences were not imposed consecutively under § 924(c). Instead, Darwich was sentenced as required by 18 U.S.C. § 844(h)(1).[6] Bailey, Deal, and Davis all address legal issues pertaining to § 924(c) and are inapplicable here.

We also agree with the District Court's determination that it lacked jurisdiction to consider Darwich's selective prosecution and consecutive sentencing claims. Darwich

---

[5] Deal, Bailey, and Davis all involve the interpretation of § 924(c), which provides enhanced penalties for offenders who use a firearm in connection with crimes of violence. Deal addressed the construction of the word "conviction" in the context of § 924(c)(1), see 508 U.S. at 132, and Bailey addressed the construction of the word "use," see 516 U.S. at 143. And in Davis, the Supreme Court held that the phrase "crime of violence" in the context of § 924(c) was unconstitutionally vague, as there was no reliable way to determine which offenses qualified. See 139 S. Ct. at 2336.

[6] While § 844(h) lists increased penalties for second or subsequent convictions like § 924 does, § 844(h) does not involve crimes of violence, but instead centers on the use of fire or explosives in committing other felonies under federal law.

5

has had numerous earlier opportunities to present these claims, Bruce, 868 F.3d at 180, and the fact that his prior challenges have been unsuccessful and/or a new one would be barred as successive does not make § 2255 an inadequate remedy.  See Okereke, 307 F.3d at 120; cf. Cordaro v. United States, 933 F.3d 232, 240–41 (3d Cir. 2019) (holding that colorable claims of actual innocence whereby a petitioner is "being detained for conduct that was subsequently rendered noncriminal" by a Supreme Court decision may meet the § 2255(e) requirement when the petitioner had no earlier opportunity to raise the claims).[7]

Accordingly, this appeal fails to present a substantial question, and we will affirm the judgment of the District Court.  See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

---

[7] To the extent that Darwich's petition could be read to also raise claims of insufficient evidence and ineffective assistance of appellate counsel, these claims do not provide an avenue for relief.  He had an opportunity to raise these claims on direct appeal or in his initial § 2255 motion and he cannot benefit from § 2255(e)'s safety-valve provision.  Cf. In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

6