**NOT PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 22-2370
_____

JAMES EDWARD BRYANT,
                                    Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-21-cv-02646)
District Judge:  Honorable Juan R. Sánchez
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 15, 2022

Before: AMBRO, KRAUSE, and PORTER, <u>Circuit Judges</u>

(Opinion filed December 29, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant James Bryant appeals from an order of the District Court denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Government has filed a motion for summary affirmance. For the following reasons, we grant the Government's motion and will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Bryan was convicted of multiple sexual offenses in 1977 and 1981 in California state court. As a result, he was incarcerated and registered as a sex offender in California. In 2013, Bryant moved to Nevada and failed to register as a sex offender there. He was consequently convicted in federal court in Nevada of violating 18 U.S.C. § 2250, which imposes criminal penalties for failure to register under the Sex Offender Registration and Notification Act ("SORNA"). In 2015, Bryant was sentenced to 21 months in prison with credit for time served and a lifetime of supervised release. Bryant subsequently filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which the District Court for the District of Nevada denied on the merits.

Soon after his release, Bryant failed to report to his probation office and instead relocated to Utah, where he again failed to register. He was then convicted of violating SORNA in the District Court for the District of Utah and, in 2016, was sentenced to 37 months of incarceration and another term of supervised release for life. In 2019, Bryant left the State of Utah without receiving permission from the United States Probation Office, which then filed a petition in the District of Utah to revoke Bryant's supervised release. Approximately one year later, authorities located Bryant in Pennsylvania and arrested him on the outstanding bench warrant issued upon his departure from Utah. The

2

matter was then transferred to the District Court for the Eastern District of Pennsylvania. After a hearing, during which Bryant admitted to violating terms of his supervised release, the District Court revoked his supervised release and imposed a 24-month term of imprisonment with another term of supervised release for life.[1]

In June 2021, before his supervised release was revoked, Bryant filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Eastern District of Pennsylvania. Bryant argued that he was unlawfully detained because he was never legally required to register as a sex offender in California, and therefore his underlying SORNA conviction as well as his SORNA conviction in Nevada were unlawful. The District Court denied the petition on the basis that Bryant was challenging the validity rather than the execution of his sentence, and accordingly should have filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Bryant appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[2] We exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We may summarily affirm if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[1] Bryant completed his term of imprisonment and was released on September 30, 2022. His direct appeal was dismissed as moot because it challenged only the length of the sentence of incarceration imposed. See C.A. No. 21-3344.

[2] Bryant does not need a certificate of appealability to proceed. See Reese v. Warden Phila. FDC, 904 F.3d 244, 246 (3d Cir. 2018). Although he is no longer in custody, this appeal is not moot insofar as Bryant is subject to a lifetime of supervised release, which he contends is invalid. See United States v. Huff, 703 F.3d 609, 611 (3d Cir. 2013).

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A habeas corpus petition under § 2241 accordingly "shall not be entertained" unless a § 2255 motion would be "inadequate or ineffective to test the legality of [petitioner's] detention." 28 U.S.C. § 2255(e). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. This exception, known as the "safety-valve clause," is narrow and applies only in rare circumstances, such as when a prisoner has had no opportunity to challenge his conviction for actions later deemed to be non-criminal by an intervening change in law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)).

We agree with the District Court that Bryant is challenging the validity of his SORNA convictions, and that those challenges should have been raised in a § 2255 motion. We conclude that Bryant failed to make the showing necessary to meet the safety-valve exception, as he has not identified any rare circumstance that would render a § 2255 motion an inadequate remedy in this case. Rather, Bryant appears to contend that the District Court should have construed his petition as a § 2255 motion. However, as the District Court noted, if Bryant sought to attack his underlying convictions in a motion to vacate, he needed to comply with the prerequisites of § 2255, which require that such claims be brought in the court that imposed the sentence being challenged. See 28 U.S.C. § 2255(a). Thus, the District Court lacked authority to entertain a § 2255 motion because

4

it did not impose the sentences related to the convictions that Bryant seeks to challenge. See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam).[3]

Accordingly, because the appeal presents no substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.[4] Bryant's motion for production of documents is denied.

---

[3] Although jurisdiction over Bryant's supervised release was transferred from the District of Utah to the Eastern District of Pennsylvania pursuant to 18 U.S.C. § 3605, Bryant's § 2241 petition focuses solely on his underlying convictions in the District Courts of Nevada and Utah.

[4] The Appellee's request to be excused from filing a brief is granted.