ALD-082                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3224
_____

JULIO AVILES, SR.,
                                    Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-22-cv-01857)
District Judge:  Honorable Malachy E. Mannion

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6, and
for a Decision on the Issuance of a Certificate of Appealability
March 7, 2024

Before:  HARDIMAN, MONTGOMERY-REEVES, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed March 29, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Julio Aviles, Sr., appeals the District Court's dismissal of his habeas petition filed pursuant to 28 U.S.C. § 2241. Because the appeal fails to present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Aviles was convicted in 2017 on 12 counts of drug trafficking and firearms offenses; he was sentenced as a career offender to a mandatory term of life imprisonment. On direct appeal, we affirmed his convictions but vacated the sentencing order because two of Aviles' prior convictions did not qualify as "felony drug offenses." United States v. Aviles, 938 F.3d 503, 505 (3d Cir. 2019). He was resentenced on remand to 360 months' imprisonment, and we affirmed the judgment of sentence. See United States v. Aviles, 854 F. App'x 445, 446 (3d Cir. 2021). Aviles subsequently filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 challenging his conviction and sentence. The District Court denied the motion on the merits, and we declined to issue a certificate of appealability. See United States v. Aviles, C.A. No. 22-1851.

In November 2022, Aviles filed a pleading which was labeled as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), but was docketed as a petition for habeas corpus pursuant to 28 U.S.C. § 2241.[1] In his pleading, Aviles

---

[1] It is unclear why the pleading was docketed as a § 2241 petition. In any event, as the following analysis makes clear, the pleading was in substance a second or successive § 2255 motion and properly treated as such. See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) (recognizing that a Rule 60(b) motion that raises claims challenging the underlying conviction is properly construed as a successive habeas petition).

2

challenged his convictions, claiming that the trial court erred in denying his motion to suppress evidence, that witnesses lied at trial, and that the Government committed misconduct both before and at trial. The District Court, adopting the Magistrate Judge's Report and Recommendation (R&R), dismissed the § 2241 petition for lack of jurisdiction as an unauthorized second or successive § 2255 motion. See 28 U.S.C. §§ 2244(b)(3), 2255(h). This appeal ensued.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. In reviewing the District Court's dismissal of the § 2241 petition, we exercise plenary review over its legal conclusions and review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

The District Court properly determined that Aviles could not pursue his claims in a § 2241 petition. A § 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Davis v. United States, 417 U.S. 333, 343 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). As the District Court explained, Aviles cannot use § 2241 to collaterally attack his conviction unless he can show that "the remedy by [§ 2255] motion is Inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Petitioners may proceed under this "saving clause" provision "where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." See Jones v. Hendrix, 599 U.S. 465, 478 (2023).

Aviles' claims, which were raised or could have been raised before, clearly do not come within the saving clause exception. Rather, as the District Court concluded, Aviles' pleading was properly construed as an unauthorized second or successive § 2255 motion which it lacked jurisdiction to consider. See Robinson v. Johnson, 313 F.3d 128, 139-40 (3d Cir. 2002).

Based on the foregoing, we will summarily affirm the District Court's judgment. In light of our conclusion, we need not consider whether a certificate of appealability should issue. See Reese v. Warden Philadelphia FDC, 904 F.3d 244, 246 (3d Cir. 2018).