

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-12-2006

# Garrett v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4194

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Garrett v. Smith" (2006). *2006 Decisions.* Paper 1113.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1113

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO:  05-4194

MICHAEL GARRETT,

Appellant

v.

JOSEPH V. SMITH, Warden
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-00642)
District Judge: Honorable Yvette Kane

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 14, 2006

Before; MCKEE, FUENTES AND NYGAARD, CIRCUIT JUDGES

(Filed :  May 12, 2006)
_____

OPINION
_____

PER CURIAM

Appellant Michael Garrett appeals from the District Court's denial of his motion

for habeas corpus under 28 U.S.C. § 2241.  For the reasons that follow, we will affirm the

order of the District Court.

The parties are familiar with the facts, thus we only briefly recite them here.  On

April 28, 2003, a call was placed from FCI-Ft. Dix using the PIN number of inmate Jamelle Peters.  Prison officials monitored the call, believing that Garrett was impermissibly using Peters' PIN to make calls while he was on phone restriction.  During the conversation, the inmate placing the call mentioned that it was his birthday the following day.  It was in fact Garrett's birthday.  The caller also asked to see "Karen."  Not only is there a Karen on Garrett's visitor list, the person receiving the call referred to the caller as "Rab," Garrett's nickname.  Garrett appeared before a disciplinary hearing officer (DHO) on charges of phone abuses and refusing to accept program assignments.  Garrett requested a staff representative and asked to call Peters as a witness.  The DHO postponed the hearing to accommodate the requests.  At the subsequent hearing, Garrett waived his right to representation and to call Peters.  The DHO found that Garrett placed the call and sanctioned him with an aggregate of 67 days disallowance of good-conduct time, 139 days forfeiture of non-vested good-conduct time, a six-year loss of visiting and phone privileges, and 90 days of disciplinary segregation.

After exhausting his administrative remedies, Garrett brought the instant petition alleging due process violations for the denial of his request to present Peters as a witness and denial of access to the tape of the phone call.  He also alleges that the evidence was insufficient and that the penalty was arbitrary and capricious.  The District Court rejected the claims and denied relief.  Garrett appeals pro se.[1]

---

[1] We have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over the District Court's legal conclusions.  See Wilson v. U.S. Parole Comm'n, 193 F.3d 195, 197 (3d Cir. 1999).

With respect to his due process claim, a prisoner must be given the opportunity to call witnesses and present documentary evidence in his own defense. See Wolff v. McDonnell, 418 U.S. 539, 566 (1974); 28 C.F.R. § 541.17(c). Garrett argues that he was denied access to the recording and the right to have an expert analyze the tape of the phone conversation. While line seventeen of the incident report shows that Garrett "would like someone to analyze my voice and his [Peters'] voice because he calls that number frequently," Garrett never requested a copy of the tape. However, since he did request an evidentiary analysis, we must still determine if the denial of the request violates due process.

Garrett cites no authority, nor have we found any, that establishes a due process right to have the prison find, retain, and present an expert witness on the prisoner's behalf. Rather, the Eighth Circuit has held that such a right does not exist. See Spence v. Farrier, 807 F.2d 753, 755-56 (8th Cir. 1986); see also Wolff, 418 U.S. at 566-67 (stating reasonable penological needs may limit the right to present evidence). We agree with the Eighth Circuit, and thus, Garrett was not denied due process.

Garrett also alleges that the DHO prevented him from calling Peters as a witness by threatening additional disciplinary sanctions if the DHO did not find Peters' testimony credible. We agree with the District Court that Garrett fails to present any evidence contradicting his apparent voluntary choice to waive his right to call Peters, and his arguments on appeal are unpersuasive.

Next Garrett claims that the evidence is insufficient to sustain the discipline. A prison disciplinary decision will be upheld if there is "some evidence" to support the

finding.  <u>See</u> <u>Superintendent Mass. Corr. Inst., Walpole v. Hill</u>, 472 U.S. 445, 454 (1985).

The record exhibits more than enough evidence to meet this relatively deferential standard including, but not limited to, the three incriminating facts gleaned from the tape and that Garrett was prohibited from using the phone.

Finally, Garrett claims that the sanctions were arbitrary and capricious.  Although he does not raise this issue in his informal brief, we agree with the District Court that the sanctions were neither arbitrary nor capricious.  Garrett was sanctioned in accordance with the provisions of 28 C.F.R. § 541.13.  The DHO noted that this was Garrett's sixth offense for violation of Code 297, allowing the DHO to impose any sanction authorized for the most severe offenses.  28 C.F.R. § 514.13 Table 5.  A lighter, but still severe penalty may be imposed for a third violation of Code 307.  Both penalties are clearly explained in the DHO's report and are consistent with the regulations.  Thus, the sanctions were not arbitrary.