NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1170
_____

RONALD E. GOODLOE,
                                        Appellant

v.

WARDEN LEWISBURG USP

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil Action No. 4:23-cv-01247)
District Judge:  Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 17, 2024
Before:  KRAUSE, MATEY, and CHUNG, Circuit Judges

(Opinion filed: January 30, 2025)
_____

OPINION*
_____

PER CURIAM

      Appellant Ronald Goodloe appeals from the District Court's denial of his petition

for habeas corpus pursuant to 28 U.S.C. § 2241.  For the reasons that follow, we will

affirm the order of the District Court.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Goodloe, a federal inmate confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), is currently serving a 130-month sentence for conspiracy to distribute methamphetamine. On March 7, 2023, a search was conducted of the cell Goodloe shares with another inmate. Corrections officers discovered a paper soaked in an unknown substance in the common area of the cell. Three separate field tests were performed on the substance/paper, and each returned a positive result for amphetamines. Goodloe was subsequently charged with Offense Code 113 (Possessing Drugs/Alcohol).

The following day, Goodloe appeared before a Unit Disciplinary Committee ("UDC") and asked for additional testing by "an outside lab." D.Ct. ECF No. 12-1 at 8. On March 16, 2023, a hearing was held before a Discipline Hearing Officer ("DHO"). Goodloe presented no witnesses or evidence, but asserted that he had "asked for the test to [be] sent to a lab," and alleged that his "due process rights were violated." Id. at 14. Citing the incident report, field test results, and photographs of the substance-soaked paper, the DHO concluded that the greater weight of the evidence supported a finding that Goodloe committed the charged offense. Goodloe was sanctioned with the loss of 41 days of good-conduct time, forfeiture of 148 days of nonvested good-conduct time, 45 days of disciplinary segregation, and the temporary loss of certain privileges. Goodloe's administrative appeal of the decision was denied.

In July 2023, Goodloe filed a habeas petition pursuant to 28 U.S.C. § 2241 asserting, in very general terms, that his due process and privacy rights were violated by the disciplinary proceedings. He attached documents to his petition relating to the

2

proceedings, highlighting portions relating to the denial of his request for further laboratory testing. The District Court broadly construed Goodloe's filing to state various claims and denied his petition. See D.Ct. ECF No. 14. Goodloe filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Goodloe's due process challenge to the disciplinary hearing was properly brought under § 2241 because it entailed the loss of good-time credits. See Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008) (per curiam). We review the District Court's denial of habeas relief de novo and its factual findings for clear error. Denny v. Schultz, 708 F.3d 140, 143 (3d Cir. 2013).[1]

Federal prisoners have a liberty interest in statutory good-conduct time. See Wolff v. McDonnell, 418 U.S. 539, 557 (1974); see also 18 U.S.C. § 3624(b)(1); Vega v. United States, 493 F.3d 310, 317 n.4 (3d Cir. 2007). A disciplinary hearing that may result in the loss of good-conduct time must provide certain due process safeguards to a prisoner, including an opportunity to call witnesses and present documentary evidence in his own defense. See Wolff, 418 U.S. at 566.

The sole issue raised by Goodloe on appeal is that the denial of his requests for secondary laboratory testing of the substance laden paper violated his due process rights and prevented him from presenting documentary evidence in his defense. 3d Cir. ECF

---

[1] Because Goodloe is a federal prisoner challenging the denial of a § 2241 petition, he need not obtain a certificate of appealability to proceed. See Reese v. Warden Phila. FDC, 904 F.3d 244, 246 (3d Cir. 2018).

No. 11 at 3.[2]  However, while Wolff may entitle Goodloe to present documentary evidence in his defense, it does not require the BOP to pay for testing or otherwise conduct an investigation on Goodloe's behalf.  See Spence v. Farrier, 807 F.2d 753, 755-56 (8th Cir. 1986) (concluding that refusing to allow confirmatory drug testing did not violate due process).[3]

To the extent Goodloe also asserts that the field test results were insufficient to support the DHO's decision, we disagree.  A prison disciplinary decision will be upheld if there is "some evidence" to support the finding.  See Superintendent v. Hill, 472 U.S. 445, 455-56.  We agree with the District Court that the evidence relied upon by the DHO, including the three separate field tests which "repeatedly confirmed the presence of amphetamines," was sufficient to satisfy the "some evidence" standard.  D.Ct. ECF No. 14 at 6-7.[4]

---

[2]     In support of this assertion, Goodloe relies on Jacquet v. Warden Fort Dix FCI, 707 F. App'x 124 (3d Cir. 2017) (per curiam).  Leaving aside the fact that that opinion is not precedential, that case is distinguishable because Jacquet sought testing at his own expense.

[3]     In a nonprecedential opinion dealing with a prisoner's request for voice analysis in connection with a disciplinary hearing, this Court agreed with the Eighth Circuit's decision in Spence and concluded that a prisoner has no "due process right to have the prison find, retain, and present an expert witness" on a prisoner's behalf.  Garrett v. Smith, 180 F. App'x 379, 381 (3d Cir. 2006) (per curiam).

[4]     Goodloe asserted before the District Court that the presumptive field tests used by corrections officers are unreliable, see D.Ct. ECF No. 13 at 4-5, but he failed to offer any evidence in support of his conclusory assertion.  While Goodloe has attempted to expand the record on appeal as to the issue of reliability, the evidence, even if properly before this Court, is unpersuasive.  The articles provided by Goodloe, see 3d Cir. ECF No. 9, address false positive results in presumptive field drug test kits generally.  They do not address the reliability of any specific test, much less the tests used by corrections officers.

Accordingly, we will affirm the decision of the District Court.[5]

---

Further, the articles provide no specific information on rates of reliability, noting instead that "the true error rate of these tests remains unknown." Id. at 3.

[5] In light of our disposition, Goodloe's motion for the appointment of counsel is denied.